IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Yuvani Gardner, | ) | |
| | ) | C/A No. 6:14-3269-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION & ORDER |
| | ) | |
| The Prudential Insurance | ) | |
| Company of America, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff Yuvani Gardner's ("Gardner") Motion to Remand this action to state court. (ECF No. 8). Defendant The Prudential Insurance Company of America ("Prudential") filed a response opposing the motion (ECF No. 9) and Gardner filed a reply. (ECF No. 11). Additionally, Prudential file a sur-reply. (ECF No. 15).[1] For the reasons set forth below, the court denies the motion.

## I. Facts/Background

Following her husband's death, Gardner filed a claim to obtain accidental death benefits from Prudential. (Compl. ¶ 6). Subsequently, Gardner originally filed a complaint against Prudential in state court alleging claims for breach of contract and bad faith refusal to pay on a life insurance policy. Prudential timely removed the action to this court based on diversity of citizenship. Gardner then filed this motion to remand on the ground that diversity has not been met as the action is a direct action against the insurer of a policy.

---

[1]The court granted Prudential's Motion for leave to File a Sur-Reply (ECF No. 13) on October 16, 2014. (ECF No. 14).

## II. Applicable Law

A defendant may remove a case from state court to federal court in cases where the federal court is able to exercise original jurisdiction over the matter. *See* 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: 1) those involving federal questions under 28 U.S.C. § 1331; and 2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity among the parties, meaning the citizenship of each plaintiff must be different from the citizenship of each defendant." *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014).

The party seeking removal bears the burden of establishing federal jurisdiction. *See Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994). A plaintiff may move to remand the case back to state court. *See* 28 U.S.C. § 1447. On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Richardson v. Phillip Morris Inc*., 950 F.Supp. 700, 702 (D.Md.1997) (internal quotation marks and citation omitted)). This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court." *Id*. at 701.

## III. Discussion

Gardner alleges she is a citizen of South Carolina (Compl. ¶ 1), and in its notice of removal Prudential states that it is a citizen of New Jersey (ECF No. 1 at 3). In her motion for remand, Gardner does not dispute that the amount in controversy exceeds $75,000 or that Prudential's principal place of business is in New Jersey. In her Reply, however, Gardner questions whether Prudential is also incorporated in South Carolina.

Gardner originally based her remand motion on her contention that the parties are not

diverse because Prudential is deemed to be a citizen of "every state" for purposes of complete diversity pursuant to § 1332(c)(1).

Section 1332(c)(1) provides, in pertinent part:

> For the purposes of this section and section 1441 [removal] of this title, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen.

28 U.S.C. 1332(c)(1).

Prudential contends that Gardner's claim is not a direct action regarding a policy or contract of liability insurance. A direct action is an action by an injured party against an insurer to recover for damages caused, not by the insurer, but by its insured, who is not joined in the action. "Courts have uniformly defined the term 'direct action' as used in [§ 1332(c)(1)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-902 (9th Cir. 1982). Unless the cause of action grows out of the conduct of the insured and could be brought against the insured, there is no direct action. There is no direct action where an injured party brings suit against an insurer for the insurer's independent wrongs, such as an insurer's failure to settle in good faith or within policy limits. *See Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 675 (2d Cir. 1992) (holding that "the general rule is that the proviso does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith."). *See also Ming-Lewis v. Standard Fire Ins. Co.*,

C/A No. CCB-05-1412, 2005 WL 1923155 (D.Md. August 10, 2005).

In this case, Prudential has not been sued as the insurer of an alleged tortfeasor, or as the payor of a judgment based on the negligence of one of its own insureds. Accordingly, this is not a direct action within the meaning of § 1332(c)(1), requiring Plaintiff's citizenship to be imputed to Prudential, and therefore there is complete diversity between the parties.

As stated above, in her Reply, for the first time Gardner questions Prudential's statements regarding its citizenship and argues that Prudential has not provided proof regarding its state of incorporation. Gardner alleges that it appears that Prudential has been incorporated in South Carolina since 1910. (ECF No. 11-1). Gardner's argument that Prudential has failed to meet its pleading burden is without merit. Moreover, in its sur-reply, Prudential has explained that it is not the same entity as the one referred to in Gardner's response and included an exhibit to support this allegation, a notarized 2013 annual statement (ECF No. 15 -1).

First, the court has considered that Gardner has filed a copy of the South Carolina Secretary of State records in regard to Prudential Life, Health & Accident Ins., Inc. (ECF No. 11-1). However, as Prudential has pointed out in its sur-reply, the Defendant in this case is Prudential Insurance Company of America - not the same entity as the one referred to in Gardner's exhibit. Second. Prudential has now provided additional support in regard to its citizenship.

The party seeking removal bears the burden of demonstrating that jurisdiction is proper. *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296-97 (4th Cir.2008). However, a removing party's notice of removal is not required to meet a higher pleading standard than the one imposed on a plaintiff pleading diversity jurisdiction in a complaint. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). This pleading standard is not onerous. *See id.*

(holding "just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332,' so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner") (citation omitted). Here, Prudential pled that its citizenship is New Jersey and thus different than that of Gardner. Moreover, Prudential has now provided some support for this allegation. (ECF No. 15-1). Further proof in support of Prudential's allegations of citizenship is not required at this stage.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 8) is **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

October 23, 2014  
Anderson, South Carolina

5