IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Yuvani Gardner, | ) | |
| | ) | C/A No. 6:14-3269-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION & ORDER |
| | ) | |
| The Prudential Insurance Company of America, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on Defendant The Prudential Insurance Company of America's ("Prudential") Motion for Summary Judgment. (ECF No. 45). Plaintiff Yuvanni Gardner ("Gardner") filed a response opposing the motion (ECF No. 46) and Prudential filed a reply. (ECF Nos. 48 and 53).[1]  For the reasons set forth below, the court grants Prudential's summary judgment motion.

**I.  Facts/Background**

Gardner works for Greenville Hospital System ("GHS") and elected to obtain dependent accidental death and dismemberment ("A&D") coverage under a group insurance Policy ("Policy") on her husband, Bryant Gardner ("Decedent") in the amount $125,000.  Following her husband's death on September 7, 2013, Gardner filed a claim for accidental death benefits from Prudential on November 14, 2013. (ECF No. 1 ¶ 6, Compl. ¶ 6).  The Policy contains an exclusion for a otherwise covered loss if it results from the commission of, or attempt to commit,

---

[1]After Prudential had filed a reply to Gardner's response to the summary judgment motion (ECF No. 48), the court granted Gardner's motion for leave to file a memorandum supporting her response to Defendant's summary judgment motion (ECF No. 50).  The court also granted Prudential leave to file an amended reply.  *Id.*

an assault. Based upon this exclusion, Prudential denied the claim on April 21, 2014. Gardner did not appeal the denial. Instead, on July 14, 2014, Gardner filed a complaint against Prudential in state court alleging claims for breach of contract and bad faith refusal to pay on a life insurance policy. On August 14, 2014, Prudential timely removed the action to this court based on diversity of citizenship.

## II. Applicable Law

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. County of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

## III. Discussion

Prudential argues it is entitled to summary judgment on the breach of contract claim because the Insured's death was not an accident and thus fell within a policy exclusion and on the bad faith claim because it was reasonable for Prudential to deny Gardner's claim based on the Policy exclusion. Gardner argues that Prudential failed to construe the Policy exclusion

against the insurance company as required citing *M&M Corp. of S.C. v. Auto-Owners Ins. Co.*, 701 S.E.2d 33, 35 (S.C. 2010).  Gardner argues that there are genuine issues of material fact and that summary judgment should be denied.

To prove breach of contract, a plaintiff must show (1) the existence of a binding contract between the parties, (2) a breach of the contract by the defendant, and (3) damages caused by the breach. *Fuller v. Eastern Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962). "[T]here is an implied covenant of good faith and fair dealing in every insurance contract 'that neither party will do anything to impair the other's rights to receive benefits under the contract.' " *Tadlock Painting Co. v. Maryland Cas. Co.*, 473 S.E.2d 52, 53 (S.C. 1996) (*quoting Nichols v. State Farm Mut. Auto. Ins. Co.*, 306 S.E.2d 616, 618 (S.C. 1983)( superseded on other grounds.).  "An insured may recover damages for a bad faith denial of coverage if he or she proves there was no reasonable basis to support the insurer's decision to deny benefits under a mutually binding insurance contract." *Dowling v. Home Buyers Warranty Corp., II*, 400 S.E.2d 143, 144 (S.C. 1991) (citations omitted). *See also  Crossley v. State Farm Mut. Auto. Ins.*, 415 S.E.2d 393, 396-7 (S.C. 1992).

On September 6, 2013, the decedent went to a bar in Greenville with a female companion ("M.E.").  Joseph Sims, the bar's manager, stated that the decedent had grabbed M.E. twice, and the decedent was thrown out of the bar by a security guard.  The security guard stated that the decedent and M.E. had a verbal fight in the parking lot and the decedent grabbed M.E. by the back of her head and pushed her into his car.  M.E. and the decedent went to M.E.'s house and M.E. stated that the decedent pushed her and repeatedly punched her in the arm.  M.E. told the police that she feared for her life and she grabbed a knife in self defense.  M.E. stated that the decedent lunged at her, and she stabbed him twice.  When the police arrived, the decedent told police that "it's all my fault I fell on the knife."  One of the officers saw a bruise on M.E.'s arm

3

and another observed possible swelling and discoloration on M.E.'s right upper arm. The decedent was taken to the hospital where he later died.

The autopsy report confirmed that the decedent was stabbed twice, once in the upper left quadrant of his abdomen and once in the left side of his chest. The stab wound to the chest was in the front to back direction and from left to right. The stab wound to the abdomen was in the same directions, and slightly downward. The manner of death was ruled a homicide. Upon receiving the final autopsy report, Officer Henry Hammett met with Assistant Solicitor Steinberg to determine whether M.E. acted in self defense. Magistrate James Hudson stated that he would deny any criminal warrants in the incident because he believed M.E. acted in self defense.

The parties do not dispute the existence of a binding contract between them. And Gardner also does not dispute most of the facts alleged by Prudential. The crux of this case is the decedent's statement to the police on the night he was stabbed. Gardner contends that there is a factual question as whether the decedent committed an assault or attempted to commit an assault at the time of the stabbing. Gardner relies on the decedent's statement to police that he had stabbed himself and, therefore, she argues the stabbing was accidental. Further, she contends that the medical examiner found that the insured's death was caused in part by a large amount of blood loss. She also argues that "[a] logical inference in favor of the Plaintiff from these pieces of evidence is that the insured's accidental falling onto the knife and the loss of blood therefrom was the fatal blow to the insured – not any assault or attempted assault as alleged by M.E. This disagreement of the evidence requires submission of these issues to a qualified jury."

As noted, the issue is whether the decedent's death was a result of the "[c]ommission of or attempt to commit an assault or felony." The only evidence is that he had assaulted M.E., and Gardner does not dispute this. Gardner merely argues that there may be a question of fact as to

4

whether M.E. stabbed the decedent or he accidentally fell on the knife and stabbed himself, twice. The only evidence Gardner points to is the decedents' statement to a police officer that he stabbed himself. Whether or not he stabbed himself, the evidence is that the decedent was involved in an assault on M.E. immediately prior. Even accepting that the decedent fell on the knife twice, the decedent's stabbing occurred in the context of a simultaneous assault on M.E. and there is no evidence to dispute that.

Moreover, the undisputed fact that the decedent was stabbed twice negates almost any possibility that he fell on the knife and that the stabbing was accidental. Plaintiff's argument relying on decedent's highly incredible statement could not result in any reasonable jury relying upon it. Accordingly, the court finds that no reasonable jury could find that Prudential breached its contract or acted in bad faith in relying on the Policy exclusion, and Prudential is entitled to summary judgment. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)(holding that "to grant summary judgment the court must determine that no reasonable jury could find for the nonmoving party on the evidence before it.").

### IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 45) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

October 13, 2015  
Anderson, South Carolina